*COLUMBIANA COUNTY—APRIL TERM, 1819.*  COLUMBIANA.
April, 1819.

Columbiana
## COLUMBIANA BANK vs. DIXON. Bank
*v.*
Dixon.

If a note is made by A. payable to B. or order, and endorsed by B. to C. and by C. to D. and E. writes beneath the note "credit the drawer," and signs his name thereto, *quere* whether E. incurs any legal liability, in any event, for the amount of the note.

Such writing on a note is not evidence of a promise to pay to any endorsee, the monies mentioned in the note, in case the maker fails to pay according to the tenor and effect of the note.

The defendant prays oyer, and has it of a writing, of which he is not entitled to oyer, and thereupon demurs generally; and the plaintiff joins in demurrer. Held that the writing so set out on oyer, although but evidence of the plaintiff's claim, is to be considered as the foundation of the action.

ASSUMPSIT—DEMURRER.

This was an action of assumpsit, in which the plaintiffs declared, that in consideration that the plaintiffs, at the special instance and request of the defendant, would loan to Rogers & Co. the sum of $425, and give them credit and stay of payment sixty days, the defendant in writing promised the plaintiff to be accountable to them for the said sum of money—that, confiding in such promise, the plaintiffs afterwards, on, &c. did lend the said Rogers & Co. the said sum, and that, although the time of payment has elapsed, the said Rogers & Co. have not paid (although often requested) of which the defendant on, &c. had notice, by means whereof the defendant became liable to pay to the plaintiffs the said sum of money on request—that, in consequence of such liability, the defendant promised to pay, &c. The defendant prays oyer of the writing in the declaration mentioned, and it is read to him in these words: "New Lisbon, Dec. 13th, 1816— sixty days after date I promise to pay, at the Columbiana Bank of New Lisbon, to David Scott or order, four hundred and twenty five dollars, without defalcation, for value received.—JAMES ROGERS & Co. Credit the drawers. *John Dixon. David Scott*"—and demurs generally to the declaration, and the plaintiff joins in demurrer. GOODE-NOW for the defendant. BLOCKSOM for the plaintiffs.

PRESIDENT.—Some doubt was entertained, whether the writing set out on oyer, was to be taken and considered part of the plaintiff's declaration. It is not a deed of which profert has been made, but a writing which he might give in evidence to support his action. The defendant most clearly had no right to oyer of it; but the plaintiff, instead of demurring to the prayer of oyer, grants it; and the writing is set out as part of the plaintiff's declaration and demurred to. The plaintiff has

COLUMBIANA. joined in demurrer.  Thus both parties have placed it
April, 1819. on the record as a deed upon which the plaintiff's action
Columbiana
Bank    is founded.   If the plaintiffs grant oyer of any writing
v.
Dixon.   of which the defendant is not entitled to oyer, it seems
that the Court ought to consider the pleading as regular, although the
effect of a demurrer, under such circumstances, is much the same as
a demurrer to evidence, and perhaps only to a part of the evidence
the plaintiffs intended to rely on :  yet, as they have consented to rest
their claim on that ground alone, it must be taken and considered as
the sole ground on which it could be supported.—1 Saund 9, n.—Doug.
467, Sal. 498.   The question, then, is, whether the writing set out is
sufficient evidence to support the plaintiffs' action.   The plaintiffs
raise their assumpsit on a loaning to Rogers & Co. at the request of
the defendant; and on the defendant's promise to be accountable to
them for the money so loaned, the declaration supposes an original
undertaking to pay the money at all events, and that the loan was
made on the defendant's credit and responsibility.   If such was the
case, it seems that the loan to Rogers and Co. would be a sufficient
consideration to support the defendant's promise, and that the promise
need not be in writing, the statute of frauds not extending to an
original undertaking to pay for money loaned to another, but only to
those cases where the promise is to pay the debt of another, in case
the debtor does not pay it; that is, to collateral undertakings.   But if
this was declared on as a collateral undertaking to pay the debt of
Rodgers and Co., the objection made by the defendant's counsel could
not prevail, for the undertaking, such as it is, is in writing, and the
loan to Rogers and Co. would be as good a consideration to support a
collateral as an original undertaking to pay the debt.—The note is
made by Rodgers and Co. payable to David Scott or order.   The debt of
Rogers and Co. was contracted with Scott.   If this note is evidence
of a loan to the makers, it is evidence that such loan was made by
Scott.   No endorsement appears to have been made of the note by
Scott—no order to Rogers and Co. to pay the amount of the note to
the plaintiffs.   The writing on the note to which the defendant's
signature is affixed, if to be considered as an undertaking to pay the
amount of the note, is an undertaking to Scott; and if such under-
taking could be negotiated like a bill of exchange, so as to give to
the endorsee a right of action in his own name, it does not appear to
have been so negotiated, nor that the plaintiffs have any right to claim
a benefit from such undertaking.   We are told, that in truth, the note

was endorsed by Scott to Marshall, and by Marshall to <span style="float:right">COLUMBIANA.</span>
the plaintiffs; but this does not appear on the record. <span style="float:right">April, 1819.</span>
If the defendant has recited but a part of the writing, <span style="float:right">Columbiana<br>Bank</span>
the plaintiff should have procured it to be truly en- <span style="float:right">*v.*<br>Dixon.</span>
rolled, if he had intended to avail himself of the parts omitted. 2d
Stra. 1241, 5th Com. Dig. 479, 480, and 481. It may well be doubted,
whether the "credit the drawer" on any reasonable construction of it,
does contain a promise to be accountable to any one for the amount of
the note; and if it did, it would be a collateral guarantee, which could
not be negotiated by endorsement, so as to transfer to successive
endorsees a right of action upon it. The defendant is neither a
drawer or endorser of this note—of course he is not chargeable as one
of the regular parties to it—he directs credit to be given to the drawer,
but to whom this direction is given is uncertain—he had no right,
interest or authority—his order, then, would seem to be altogether
nugatory. If it can be considered as a promise to be responsible for
Rogers and Co. it may be asked in what event responsible? If the
note was not paid according to the tenor and effect of it? Or if
Rogers & Co. should prove insolvent and unable to pay? If, then,
the plaintiffs had shewn a right of action on the note as endorsees, it
would by no means follow, that they could take advantage of this
order as a guaranty; much less would it follow that they could be
permitted to sue on it as an original undertaking to themselves, to
pay the amount of the note on the failure of Rogers and Co. to do so.
I have not met with any case where a person has been holden respon-
sible as the guarantee of a note without an express promise, (the cases
on this subject are collected in a note to Chitty on bills 113) to that
effect. The law does not imply a promise to pay the debt of another,
in any case; hence it is necessry to set forth and prove an express
promise to pay. It is said, by Chief Justice Marshall, in the case of
Russell vs. Clark's executors, 7th Cranch 90, that "the law will subject
a man, having no interest in the transaction, to pay the debt of
another, only when his undertaking manifests a clear intention to
bind himself for that debt. Words of doubtful import ought not, it
is conceived, to receive that construction. It is the duty of the indi-
vidual, who contracts with one man on the credit of another, not to
trust to ambiguous phrases and strained constructions, but to require
an explicit and plain declaration of the obligation he is about to
assume." These remarks may well apply to this case, but, it is not
necessary to decide whether the order given by the defendant was, as

JEFFERSON. April, 1819.

to Scott, a collateral guaranty of the solvency or punctuality of Rogers and Co. Whether it was to him an express promise or not, the demurrer must be sustained, because it appears that the plaintiffs have no right of action against the defendant.—*Demurrer sustained—judgment for defendant for costs.*